IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOUBLETAP DEFENSE, LLC<br><br>    *Plaintiff*,<br><br>vs.<br><br>HORNADY MANUFACTURING CO.<br><br>    *Defendant*. | CIVIL ACTION NO.<br><br>_____ |

## COMPLAINT FOR BREACH OF CONTRACT

COMES NOW Plaintiff DOUBLETAP DEFENSE, LLC (hereinafter "DTD"), by and through its undersigned attorneys, and brings this action for breach of contract against Defendant HORNADY MANUFACTURING CO. (hereinafter, "Hornady Mfg.") and alleges as follows:

## INTRODUCTION

This lawsuit arises out of a failure to honor an indemnity agreement. DTD designed and produced the DoubleTap Tactical Pistol, which displayed a "DOUBLETAP" trademark. In or around March 13, 2013, as part of settling a trademark infringement lawsuit brought by Hornady Mfg., DTD and Hornady Mfg. entered into a trademark assignment and license agreement whereby DTD assigned

all right, title, and interest in the trademark to Hornady Mfg.; for a fee, Hornady Mfg. licensed the trademark back to DTD; and Hornady Mfg. agreed to indemnify DTD for its use of the trademark. After events giving rise to an obligation to indemnify DTD transpired, Hornady Mfg. refused, and continues to refuse, to indemnify DTD per the terms of their 2013 agreement.

## JURISDICTION AND VENUE

1.

Pursuant to 28 U.S.C. § 1332, the Court has subject matter jurisdiction over this dispute because the plaintiff and the defendant are citizens of different states, and the amount in controversy in this dispute, exclusive of interest and costs, exceeds seventy-five thousand dollars and no cents ($75,000.00).

2.

The Court has personal jurisdiction over Hornady Mfg. It regularly conducts business in the State of Georgia; it has regularly purposefully availed itself of the privilege of conducting activities in the State of Georgia by placing its ammunition and related products into the stream of commerce in this state. And exercising jurisdiction over Hornady Mfg. will not offend traditional notions of fair play and substantial justice and is consistent with constitutional due process.

3.

Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper in the Northern District of Georgia, because Hornady Mfg. conducts business within the geographical boundaries of this district, DTD resides within the geographic boundaries of this district, and a substantial part of the events or omissions giving rise to DTD's claims occurred in this district.

## THE PARTIES

4.

DTD is a Georgia domestic limited liability company with its principal office address located at 8215 Roswell Road, Building 800, Atlanta, Georgia 30350. Marvin Dufner is DTD's only member. He is a citizen of the State of Missouri.

5.

Hornady Mfg. is a Utah domestic corporation and may be served by a second original at its principal office address located at 3625 Old Potash Highway, Grand Island, Nebraska 68803.

# FACTUAL BACKGROUND

### DOUBLETAP DEFENSE AND THE TACTICAL PISTOL

6.

On December 22, 2010, Central Holding Corporation ("CHC") filed a trademark application with the USPTO under Serial No. 85-204480 seeking registration of the trademark "DOUBLETAP" in connection with firearms—specifically, "pistols" (the "Application").

7.

On June 11, 2012, CHC assigned the Application in the mark to Heizer Technologies, LLC.[1]

8.

At, and before, the 2012 SHOT Show, a national firearms tradeshow, DTD used the DOUBLETAP trademark to promote the forthcoming DoubleTap Tactical Pistol (the "Pistol") it intended to manufacture and sell.

9.

Available in either .45 ACP or 9 mm, and a titanium or aluminum frame, the Pistol carries two rounds and houses two additional rounds in its integral grips.

---

[1] Heizer Technologies, LLC changed its name to Double Tap Defense, LLC on November 19, 2012. Double Tap Defense, LLC, in turn, changed its name to DoubleTap Defense, LLC on December 6, 2012 (eliminating the space between "Double" and "Tap"). For clarity and ease of reading, the complaint will refer to each of these entities as DTD irrespective of date and time.

10.

The DOUBLETAP mark (hereinafter referred to as the "Provisional Mark") is permanently etched into the Pistol's barrel and its frame above the grip panel.

### THE OTHER COMPETING TRADEMARKS

11.

Hornady Mfg. is a manufacturer of, among other things, bullets and ammunition for sportsmen, law enforcement personnel, and military professionals.

12.

As part of Hornday Mfg.'s Law Enforcement Performance Group's line of products, it markets and sells ammunition bearing its registered TAP mark. Hornady Mfg. has sold various products under this mark since 1997.

13.

Double Tap Ammunition, Inc., a Utah corporation, which was founded in 1992, and has no affiliation with DTD in any way whatsoever, is a manufacturer of ammunition specializing in hand-loaded rounds and uncommon calibers. Since at least 2006, its packaging has displayed the <u>unregistered</u> marks DOUBLETAP (one word) or DOUBLE TAP (two words) (hereinafter referred to collectively as the "Unregistered Mark").

## HORNADY MFG.'S TAP MARK LITIGATION WITH DTD AND DOUBLE TAP AMMUNITION, INC.

14.

On January 5, 2011, Hornady Mfg. brought suit against Double Tap Ammunition, Inc., in the United States District Court for the District of Utah, alleging Double Tap Ammunition Inc.'s use of the Unregistered Mark infringed on Hornady Mfg.'s registered TAP mark in violation of the Lanham Act.

15.

On June 11, 2012, Hornady Mfg. brought a second suit against DTD, in the United States District Court for the District of Nebraska, alleging violations of the Lanham Act for DTD's use of the Registered Mark claiming that it also infringed on Hornady Mfg.'s TAP mark.

16.

On March 13, 2013, to resolve its dispute with Hornady Mfg., DTD agreed to assign all right, title, and interest in the Provisional Mark to Hornady Mfg.; to abandon the Application; and pay Hornady Mfg. a $25,000 license fee, along with other good and valuable consideration, in exchange for which Hornady Mfg. agreed to license the Provisional Mark back to DTD. *See* "2013 Trademark Assignment and Licensing Agreement" a true and accurate copy of which is attached hereto as **Exhibit "1."**

17.

In exchange for the foregoing, Hornady Mfg. also agreed to indemnify and hold harmless DTD, the licensee:

> FROM AND AGAINST ALL CLAIMS, DEMANDS, LAWSUITS, DAMAGES, LIABILITIES, JUDGMENTS, COSTS, AND EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES) ARISING FROM OR RELATING TO . . . LIABILITY RELATED TO TRADEMARK INFRINGEMENT CLAIMS FOR [DTD's] USE OF THE MARKS AS CONTEMPLATED BY THIS AGREEMENT.

Exhibit 1 at § 7.

18.

The 2013 Trademark Assignment and Licensing Agreement defines "Mark" or "Marks" as "DOUBLETAP, including word, stylized and word design variations thereof." *See* Exhibit B to Exhibit 1.

19.

The 2013 Trademark Assignment and Licensing Agreement also contains a choice of law provision specifying Nebraska law with respect to the construction of the agreement and disputes arising out of the agreement.

20.

While the dispute between DTD and Hornady Mfg. resolved itself through the foregoing agreement, Hornady Mfg.'s dispute with Double Tap Ammunition, Inc. continued in Utah.

21.

On April 24, 2013, the United States District Court for the District of Utah denied Hornady Mfg.'s motion for summary judgment and granted Double Tap Ammunition, Inc.'s motion for summary judgment. In doing so, the court ruled that Double Tap Ammunition, Inc.'s Unregistered Mark did not infringe on Hornady Mfg.'s TAP mark.

22.

Hornady Mfg. appealed the foregoing ruling to the United States Court of Appeals for the Tenth Circuit, which, on March 19, 2014, affirmed the Utah District Court's ruling. No appeal was taken from this proceeding and, the time to appeal this ruling has expired.

DOUBLE TAP AMMUNITION, INC.'S CEASE AND DESIST

23.

On June 9, 2014, counsel for Double Tap Ammunition, Inc. sent a cease and desist letter to DTD alleging that DTD's use of the Provisional Mark—licensed from Hornady Mfg.—infringed on Double Tap Ammunition, Inc.'s Unregistered Mark and was likely to cause consumer confusion. *See* "Cease and Desist Letter" a true and accurate copy of which is attached hereto as **Exhibit "2."**

24.

Double Tap Ammunition, Inc. demanded that DTD cease all use of the Provisional Mark and/or association of the Provisional Mark in connection with promotional and advertising materials, including websites, for firearms and ammunition. *See* Exhibit 2. DTD has since ceased selling the Pistol.

25.

On June 10, 2014, DTD transmitted via email to Hornady Mfg. and its counsel copies of the Cease and Desist Letter.

26.

On June 13, 2014, DTD transmitted to Hornady Mfg. and its counsel, via FederalExpress Overnight, copies of the cease and desist letter and a separate letter demanding that Hornady Mfg. honor the indemnity and hold harmless provision set forth in the 2013 Trademark Assignment and Licensing Agreement.

27.

Hornady Mfg. refused, and continues to refuse, to indemnify, defend, protect, and hold harmless DTD in connection with the Provisional Mark and Double Tap Ammunition, Inc.'s demands.

## COUNT I
## BREACH OF CONTRACT

28.

DTD reiterates and re-alleges each of the allegations set forth in Paragraphs 1—27 as if fully set forth herein verbatim.

29.

The 2013 Trademark Assignment and Licensing Agreement, attached hereto as Exhibit 1, is a valid and binding agreement between DTD and Hornady Mfg.

30.

Hornady Mfg.'s continued refusal to indemnify, defend, protect, and hold harmless DTD in connection with the DOUBLETAP mark is a material breach of the 2013 Trademark Assignment and Licensing Agreement.

31.

As a direct and proximate result of the foregoing breaches of contract, DTD has been financially harmed in an amount to be proven at trial.

32.

This financial harm includes damages, both direct and special, which include, but are not limited to, the cost of unsold inventory; the cost of unused packaging; and lost profits.

# PRAYER FOR RELIEF

WHEREFORE, DoubleTap Defense, LLC respectfully requests that this Court:

(1) Enter judgment in favor of DoubleTap Defense, LLC as to Count I for Breach of Contract in an amount to be determined at trial.

(2) Award DoubleTap Defense, LLC its costs, expenses, and reasonable attorneys' fees incurred in bringing this action; and

(3) Award DoubleTap Defense, LLC such other relief that the Court deems just and proper under the circumstances.

Respectfully submitted this 7th day of June, 2018.

**KAUFMAN & FORMAN, P.C**.

*/s/ Robert J. Kaufman*
Robert J. Kaufman
Georgia Bar No. 409197
Matthew D. Treco
Georgia Bar No. 802181

8215 Roswell Road, Building 800
Atlanta, Georgia 30350-6445
T: (770) 390-9200
F: (770) 395-6720
rjk@kauflaw.net
mdt@kauflaw.net
*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

This is to certify that to the best of my knowledge, the foregoing pleading has been prepared with one of the font and point selections approved by the Court in L.R. 5.1B, pursuant to L.R. 7. Specifically, the above-mentioned pleading has been prepared using Times New Roman font, 14 point.

This 7th day of June, 2018.

                                           **KAUFMAN & FORMAN, P.C**.

                                           */s/ Robert J. Kaufman*

8215 Roswell Road, Building 800     Robert J. Kaufman
Atlanta, Georgia 30350-6445          Georgia Bar No. 409197
T: (770) 390-9200                            Matthew D. Treco
F: (770) 395-6720                            Georgia Bar No. 802181
rjk@kauflaw.net
mdt@kauflaw.net
*Counsel for Plaintiff*